UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Amron Elias and Eligio Carmona, on behalf of themselves and others similarly situated,

       Plaintiff,

- against -

SSC High Rise Construction Inc., Timothy Mahoney and Mickey Mahoney

       Defendants.

Case No.

**COLLECTIVE ACTION COMPLAINT**

---

Plaintiffs Amron Elias and Eligio Carmona (collectively "Plaintiffs") on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants SSC High Rise Construction Inc., Timothy Mahoney and Mickey Mahoney,(collectively "Defendants"), allege and show the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) overtime compensation, (2) compensation for failure to provide wage notice at the time of hiring and failure to provide accurate paystubs in violation of the NYLL, (3) liquidated damages equal to the sum of unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act, (4) prejudgment and post-judgment interest; and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7. Plaintiff Amron Elias is a resident of Brooklyn and was employed as a construction laborer, by Defendants SSC High Rise Construction Inc., Timothy Mahoney and Mickey Mahoney, with its principal place of business at 36 Ridge Street, Pearl River, NY 10965, from on or about June 2016 to April 2017.

8. Plaintiff Eligio Carmona is a resident of Brooklyn and was employed as a construction laborer, by Defendants SSC High Rise Construction Inc., Timothy Mahoney and Mickey Mahoney, with its principal place of business at 36 Ridge Street, Pearl River, NY 10965, from on or about August 2016 to September 2017.

**CORPORATE DEFENDANT**

9. Upon information and belief, Corporate Defendant, SSC High Rise Construction Inc., is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 36 Ridge Street, Pearl River, NY 10965.

10. Upon information and belief, at all times relevant hereto, SSC High Rise Construction Inc., is a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

11. Upon information and belief, at all relevant times hereto, SSC High Rise Construction Inc. have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

12. SSC High Rise Construction Inc. constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

13. SSC High Rise Construction Inc. has been Plaintiffs' employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

**INDIVIDUAL DEFENDANTS**

14. Upon information and belief, Defendant Timothy Mahoney (hereafter "Defendant Timothy") is the owner, officer, director and/or managing agent of SSC High Rise Construction

3

Inc. at 36 Ridge Street, Pearl River, NY 10965 and participated in its day-to-day operations, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with SSC High Rise Construction Inc..

15. Upon information and belief, Defendant Timothy owns the stock of SSC High Rise Construction Inc. and manages and makes all business decisions including but not limited to the amount in salary the employees will receive, and the number of hours employees will work.

16. Upon information and belief, Defendant Mickey Mahoney (hereafter "Defendant Mickey") is the owner, officer, director and/or managing agent of SSC High Rise Construction Inc. at 36 Ridge Street, Pearl River, NY 10965 and participated in its day-to-day operations, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with SSC High Rise Construction Inc..

17. Upon information and belief, Defendant Mickey owns the stock of SSC High Rise Construction Inc. and manages and makes all business decisions including but not limited to the amount in salary the employees will receive, and the number of hours employees will work.

18. At all times relevant herein, SSC High Rise Construction Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

19. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by SSC High Rise Construction Inc..

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation and failed to provide them a wage notice at the time of hiring and failed to provide pay stubs in violation of the NYLL.

21. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

22. Defendants committed the following alleged acts knowingly, intentionally and willfully.

23. Defendants knew that the nonpayment of overtime pay and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Amron Elias*

24. From approximately June 2016 to April 2017, Plaintiff Amron Elias ("Plaintiff Elias") was hired by Defendants as a construction laborer for Defendants' construction business located at 36 Ridge Street, Pearl River, NY 10965.

25. Starting from approximately January 2006 to December 2017, Plaintiff Elias worked the following schedule; Monday through Saturday from 7:00 a.m. to 5:30 p.m. During this period Plaintiff Elias worked six (6) days per week, was provided a one-hour lunch break, and worked approximately fifty seven (57) hours per week.

26. During his employment with Defendants, Plaintiff Elias was paid an hourly rate of $25.00.

27. Plaintiff Elias was paid weekly by check from June 2016 until approximately December 2016 by the Defendant and received proper overtime compensation for hours worked beyond forty (4) hours per week.

28. Beginning in approximately December 2016 until the end of his employment in April 2017, Plaintiff Elias was paid weekly in cash by the Defendant. During this period Plaintiff

5

Elias was paid $25.00 per hour for all hours worked including any hours worked beyond forty (40) hours per week.

29. Defendants did not compensate Plaintiff Elias overtime compensation according to state and federal laws.

30. Defendants did not provide Plaintiff Elias with a wage notices at the time of his hiring.

31. Defendants failed to keep full and accurate records of Plaintiff Elias's hours and wages.

32. Defendants failed to provide paystubs to Plaintiff Elias.

*Eligio Carmona*

33. From approximately August 2016 to September 2017, Plaintiff Eligio Carmona ("Plaintiff Carmona") was hired by Defendants as a construction laborer for Defendants' construction business located at 36 Ridge Street, Pearl River, NY 10965.

34. Starting from approximately August 2016 to September 2017, Plaintiff Carmona worked the following schedule; Monday through Saturday from 7:00 a.m. to 5:30 p.m. During this period Plaintiff Carmona worked six (6) days per week, was provided a one-hour lunch break, and worked approximately fifty seven (57) hours per week.

35. During his employment with Defendants, Plaintiff Carmona was paid an hourly rate of $21.00.

36. Plaintiff Carmona was paid weekly by check from August 2016 until approximately December 2016 by the Defendant and received proper overtime compensation for hours worked beyond forty (40) hours per week.

37. Beginning in approximately December 2016 until the end of his employment in September 2017, Plaintiff Carmona was paid weekly in cash by the Defendant. During this period Plaintiff Carmona was paid $21.00 per hour for all hours worked including any hours worked beyond forty (40) hours per week.

38. Defendants did not compensate Plaintiff Carmona overtime compensation according to state and federal laws.

39. Defendants did not provide Plaintiff Carmona with a wage notices at the time of his hiring.

40. Defendants failed to keep full and accurate records of Plaintiff Carmona's hours and wages.

41. Defendants failed to provide paystubs to Plaintiff Carmona.

42. Defendants committed the following alleged acts knowingly, intentionally and willfully.

43. Defendants knew that the nonpayment of overtime would economically injure Plaintiffs and the Collective Members by their violation of federal and state laws.

44. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

45. Defendants did not provide Plaintiffs and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

## COLLECTIVE ACTION ALLEGATIONS

46. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

47. Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage statements and wage notices at the time of hiring, in contravention to federal and state labor laws.

48. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

49. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

50. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

51. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

52. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

53. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

54. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

**STATEMENT OF CLAIMS**

**COUNT I**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

55. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

56. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

57. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

58. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

59. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

60. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

61. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

62. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action Members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay]

63. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

64. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

65. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the NYLL.

66. Defendants' failure to pay Plaintiffs and the FLSA Collective was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

67. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

68. The Defendants failed to furnish to the Plaintiffs at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

69. Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred

or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT IV
### [Violation of New York Labor Law—New York Pay Stub Requirement]

70. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

71. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

72. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

73. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

### Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA collective members, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

    b)    Certification of this case as a collective action pursuant to FLSA;

    c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

    d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

    e)    An injunction against SSC High Rise Construction Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

    f)    An award of unpaid overtime wages due under FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after May 1, 2011 under NY Wage Theft Prevention Act, and interest;

    g)    An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

    h)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

    i)    The cost and disbursements of this action;

    j)    An award of prejudgment and post-judgment fees;

    k)    Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York  
November 6, 2018

**HANG & ASSOCIATES, PLLC**

By: */s/ Lorena P. Duarte*  
Lorena P. Duarte, Esq.  
136-20 38th Ave., Suite #10G  
Flushing, New York 11354  
Tel: (718) 353-8588  
Dir: (718) 353-8522  
Fax: (718) 353-6288  
Email: *lduarte@hanglaw.com*  
*Attorneys for Plaintiffs*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by <u>SSC High Rise Construction</u> and/or related entities.

I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

<u>Amron Elias</u>
Full Legal Name (Print)

X <u>[signature]</u>
Signature

<u>9/8/18</u>
Date

**CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by <u>SSC High Rise Construction</u> and/or related entities.

I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

<u>Eligio Carmona</u>
Full Legal Name (Print)

X <u>Eligio Carmona</u>
Signature

<u>9/10/18</u>
Date